UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:11-CR-00103-LRH-VPC |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| RYAN MILLS, ) | |
| Defendant. ) | |

Before the Court is Defendant Ryan Mills' ("Mills") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Doc. #32.[1] The United States filed a Response (Doc. #37), to which Mills replied (Doc. #40).

**I.  Factual Background**

On August 24, 2011, Mills was indicted by a federal grand jury on one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). Doc. #1. On February 6, 2013, Mills entered into a non-binding plea agreement. Doc. #18. Pursuant to the terms of the plea agreement, Mills stipulated to the following:

> On December 7, 2010, investigators with Internet Crimes Against Children Task Force executed a federal search warrant at Defendant's home. At the conclusion of the search, various items were seized, including a computer and other electronic devices belonging to Mills.

---

[1] Refers to the Court's docket number.

> The forensic review of these electronic devices established that Mills possessed and received over 1,400 videos and 500 images of child pornography through peer-to-peer programs using the internet. These images included depictions of prepubescent minors engaging in sexually explicit conduct, including sadistic and masochistic conduct.
>
> On December 20, 2010, Mills was interviewed by investigators. During the interview, Mills admitted to using peer-to-peer file sharing software to locate, download and receive child pornography over the internet.

Doc. #18 (SEALED), p. 7. On February 27, 2012, Mills entered a plea of guilty before the Court. Doc. #17. On May 29, the Court sentenced Mills to 78 months' imprisonment, to be followed by 25 years supervised release. Doc. #25. On May 31, 2012, the Court entered judgment against Mills. Doc. #27.

On May 29, 2013, Mills, acting through retained counsel, timely filed the present Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 before the Court. Doc. #32. In his Motion, Mills asserts three grounds for relief: (1) ineffective assistance of counsel for failure to move to suppress Mills' confession at Los Angeles International Airport ("LAX"); (2) ineffective assistance of counsel for failure to request a sentencing variance; and (3) failure of the trial court to state the legal and factual grounds for ordering a 25-year term of supervised release. *See* Doc. #32, pp. 2-3. Pursuant to the Court's June 7, 2013 Order (Doc. #35), the United States filed a Response on July 11, 2013. Doc. #37. Mills filed a Reply on July 26, 2013. Doc. #40.

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the Court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

///

### III.      Discussion

####     A.      Ineffective Assistance of Counsel—Failure to Move to Suppress Confession

A criminal defendant has the right to effective assistance of counsel at all critical stages of a prosecution, including during plea negotiations. *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To establish ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient and (2) that the petitioner was prejudiced as a result of this performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The standard of review is highly deferential and the reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all of the circumstances. *Id.* at 689. As to the second prong, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing *Strickland*, 466 U.S. at 688-89). In the plea bargaining context, a petitioner must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59.

Here, Mills asserts that he was denied effective assistance of counsel when his former counsel failed to consult with him regarding the possibility and legal viability of a motion to suppress his statements at LAX. *See* Doc. #32, p. 17. To this end, Mills asserts that his statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). *See id.*, at 9-15. Further, Mills asserts that his guilty plea "was involuntary to the extent that it was based on the erroneous advice of his former counsel," and thus invalid.[2] *Id.* at 19. Without reaching the merits of Mills'

---

[2] Mills does not assert that his plea of guilty was otherwise involuntary. Accordingly, the Court interprets this statement to be an assertion that, but for former counsel's errors, Mills would not have entered a plea of guilty, and would have instead chosen to go to trial. The Court notes, however,

contention that his statements were unlawfully obtained in violation of *Miranda*, the Court finds that Mills' was not denied effective assistance of counsel. Specifically, the Court finds that Mills' former counsel's representation was not deficient and that Mills was not prejudiced as a result.

The Court is cognizant of the fact that "a single, serious error may support a claim of ineffective assistance of counsel"—including counsel's failure to file a motion to suppress. *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986). "In applying the deficient performance prong of *Strickland* to cases in which the alleged ineffective assistance consists of counsel's failure to file such a motion, the Court has stated that the underlying claim—the claim purportedly requiring suppression—must be 'meritorious.'" *Moore v. Czerniak*, 574 F.3d 1092, 1101 (9th Cir. 2009) (citing *Kimmelman*, 477 U.S. at 375, 382; *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003)), rev'd on other grounds by *Premo v. Moore*, 131 S.Ct. 733 (2011). Nevertheless, contrary to Mills' averments, "the failure to file a meritorious suppression motion does not constitute *per se* ineffective assistance of counsel." *Id.* (quoting *Kimmelman*, 477 U.S. at 384) (internal quotation marks omitted). Rather, a petitioner must still show that his counsel's failure to file the meritorious motion to suppress fell below an objective standard of reasonableness. *Id.* (citing *Strickland*, 466 U.S. at 688); *see also Premo*, 131 S.Ct. at 742-43 (reversing and remanding on the ground that state court was not unreasonable in concluding that representation was adequate where counsel determined that suppression, even if successful, would have been futile).

To the extent Mills' claim of ineffective assistance of counsel is premised on his former counsel's failure to pursue a motion to suppress the unlawfully obtained confession, the Court finds that former counsel's performance was not deficient. Even if meritorious, a motion to suppress would likely have been fruitless in light of the vast amount of child pornography recovered in the materials seized from Mills' residence thirteen days before his confession—500 images and 1,400

---

that under any circumstances the Court would not have dismissed the case. Accordingly, Mills' only alternative to a guilty plea was trial. If convicted at trial Mills would have faced a range of incarceration from a mandatory minimum sentence of five years (60 months) to twenty years.

4

videos of child pornography which included sadistic and masochistic conduct committed upon small children, including bondage scenarios and bestiality. Thus, former counsel negotiated for an agreement allowing Mills a reduction of two levels for Acceptance of Responsibility under U.S.S.G. § 3E1.1(a), plus an additional one level decrease under U.S.S.G. § 3E1.1(b) for timely notifying the authorities of his intention to enter a plea of guilty. Doc. #18 (SEALED), ¶¶9-10. Additionally, former counsel negotiated for an agreement from the government to recommend that Mills be sentenced to the low end of the Guideline range. *Id.* at ¶11.

At Mills' sentencing, former counsel argued that "[Mills] was fully cooperative with the authorities at [LAX], not denying any of it, not denying it was his computer, not denying the images were—that he had downloaded them, or any of that. He was cooperative." Doc. #30, 7:4-8. Most significantly, and not recognized by Mills' current counsel in the pending motion, Mills' former counsel successfully argued for a sizeable downward variance from the applicable sentencing range, 97-121 months. *See* PSR, ¶¶31-32, ¶66. Although the court did not vary downward to the requested mandatory minimum sentence of 60 months, the court still varied downward to 78 months. Accordingly, Mills' assertion that "former counsel knew that his client was not getting the benefits of a lenient sentence other than just a plain and simple application of the sentencing guidelines" is entirely lacking in merit.[3] *See* Doc. #32, pp. 18-19. Former counsel's decision to forego a motion to suppress in favor of the aforementioned concessions during the plea bargaining process was entirely within the acceptable realm of professional representation. *See Premo*, 131 S.Ct. at 741 ("[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks").

///

---

[3] The Court's sentence of 78 months imprisonment was a 19-month downward variance from the low end of the applicable guideline range and a 43-month variance from the high end of the applicable guideline range.

5

Moreover, to the extent Mills' claim of ineffective assistance of counsel is premised on his former counsel's failure to consult with him regarding the viability of a motion to suppress, the Court also finds that former counsel's performance was not deficient. While "[a]n attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy[,] [t]hat obligation, . . . does not require counsel to obtain the defendant's consent to 'every tactical decision.'" *Florida v. Nixon*, 543 U.S. 175, 187 (2005) (citing *Strickland*, 466 U.S. at 688; *Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval)). Here, former counsel's decision to forego a fruitless motion to suppress which would not have eroded the case was tactical in nature. Ultimately, the decision advanced the overarching and successful defense strategy of seeking a reduction for acceptance of responsibility and a downward variance from the 97-month minimum guideline sentence. Mills undoubtedly understood this overarching defense strategy, as evidenced by the Plea Agreement and his former counsel's representations and arguments at sentencing. *See* Doc. #18 (SEALED); *see also* Doc. #30. Particularly because of its success, former counsel's decision in this regard was not objectively unreasonable under the circumstances.

As to the prejudice prong of the inquiry, the Court finds that Mills cannot demonstrate that, but for former counsel's failure to pursue a motion to suppress and his failure to consult with him in that regard, the result of the proceeding would have been different. Here, "the determination whether the [alleged] error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that [suppression] of the evidence would have led counsel to change his recommendation as to the plea." *Lockhart*, 474 U.S. at 59. "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* Here, it is undisputed that more than 500 images and 1,400 videos of child pornography were recovered in a forensic review of materials seized from Mills' residence and computer equipment. Given the vast amount and nature of this child pornography, the Government

would be extremely likely to obtain a conviction at trial. Thus, even if Mills' confession was suppressed, it is grossly improbable that his former counsel's recommendation of a guilty plea would have changed. Moreover, had Mills chosen to pursue a motion to suppress, it is unlikely that he would have benefitted from a three-point reduction for acceptance of responsibility. Without the three-point reduction, Mills would have been subject to a guideline sentencing range of 135 to 168 months, potentially more than twice the sentence he actually received, 78 months. Accordingly, the Court finds that Mills cannot establish that he was prejudiced as a result of former counsel's omissions. For all of the aforementioned reasons, the Court concludes that Mills has failed to demonstrate that he was denied effective assistance of counsel for failure to pursue a motion to suppress his statements at LAX.

    **B.**    **Ineffective Assistance of Counsel—Failure to Request a Sentencing Variance**

Here, Mills asserts that the federal agents at LAX who questioned him "made an offer to him that if he cooperated without the benefit of his lawyer's presence they had the legal authority, in conjunction with the prosecutor, to legally bind the government to a guideline sentencing downward departure." Doc. #32, p. 15. Nevertheless, Mills has presented no authority in support of the proposition that the agents who allegedly promised leniency in exchange for Mills' cooperation had the authority to bind the prosecutor or the government in later plea negotiations.[4] Nor is the Court aware of any. At any rate, the alleged oral contract between Mills and the federal agents was not part of the plea agreement and, thus, does not share the same binding character. Moreover, Mills' counsel did successfully argue for a significant downward variance based, in part,

---

[4] The cases to which Mills cites concern the contractual nature of plea agreements and their binding effect on the government. *See Santobello v. New York*, 404 U.S. 257, 262 (1971) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled"); *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) ("[p]lea agreements are generally construed according to the principles of contract law, and the government, as drafter, must be held to an agreement's literal terms"); *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008) ("plea agreements are contracts and are enforced as such").

upon his cooperation at LAX and other cooperation with federal officers. Accordingly, the Court finds that Mills contention that he was denied effective assistance of counsel for failure to request a sentencing variance on the basis of the alleged oral agreement between Mills and the federal agents is without merit.

   **C.**  **Failure of the Court to State Legal and Factual Grounds for Sentence**

  Mills' present motion is brought under Title 28 U.S.C. § 2255 and also challenges the 25-year term of his supervised release. In bringing the motion, he ignores the factual history leading to his sentencing.

  The Presentence Report and Recommendation in Mills' case recommended a lifetime term of supervised release following his incarceration. The Government also argued for lifetime supervised release. Although not addressing supervised release specifically, Mills' counsel argued for a downward variance and favorable sentencing of Mills based upon his extensive cooperation, personal background, employment, past injuries, his education, family and lack of a criminal history. Taking all before it into consideration, the court imposed a downward variance sentence of 78 months incarceration and a reduced term of supervised release of 25 years. No objection was made at the time of sentencing, and no appeal was taken by Mills of his conviction or sentence. In his Plea Agreement, which was accepted by the court, Mills waived all challenges, including "any claims under Title 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the court adjudicated guilt and imposed sentence." Plea Agreement ¶ 18.

  Through his present counsel, Mills now has brought a § 2255 motion challenging the 25-year term of his supervised release. By entering into his plea agreement and by not objecting to the 25-year term at the time it was imposed and further failing to appeal his conviction or sentence, Mills has waived his right to challenge the supervised release term. The Ninth Circuit has consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding. Petitioners waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct

appeal from the sentencing decision. *See United States v. McMullen*, 98 F.3d 1155, 1157 (citing *United States v. Schlesinger*, 49 F.3d 483, 483-85 (9th Cir. 1995); *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990)).

Additionally, Mills' supervised release challenge is factually without merit. The sentencing transcript confirms that the Court specifically considered the requisite statutory sentencing factors, commented on a number of them and applied them in imposing a term of 78 months imprisonment and 25 years of supervised release:

> With regard to sentence, I've commented on the primary reasons for the Court's sentence in this case. But I would confirm that I find that this sentence is sufficient but not greater than necessary to comply with the purposes of sentencing as set forth under the federal law.
>
> The Court has considered all the factors identified in Title 18, United States Code, Section 3553(a)(1)-(7). The Court also adopts those sentencing justifications which are set forth within paragraph 78 through 82 of the presentence report with, of course, the modification that's been given by the Court in the downward variance that has been approved here.

Doc. #30, 31:19-32:6

IT IS THEREFORE ORDERED that Mills' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. #32) is DENIED.

IT IS SO ORDERED.

DATED this 9th day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE