UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN MILLS,<br><br>    Defendant. | 3:11-cr-00103-LRH-VPC<br><br>ORDER |

On June 5, 2014, the United States Court of Appeals for the Ninth Circuit issued an Order directing this Court grant or deny a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2255. Doc. #48.

**I.   Facts and Procedural History**

On August 24, 2011, Mills was indicted by a federal grand jury on one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). Doc. #1. On February 6, 2013, Mills entered into a non-binding plea agreement. Doc. #18. Pursuant to the terms of the plea agreement, Mills stipulated to the following:

> On December 7, 2010, investigators with Internet Crimes Against Children Task Force executed a federal search warrant at Defendant's home. At the conclusion of the search, various items were seized, including a computer and other electronic devices belonging to Mills.
>
> The forensic review of these electronic devices established that Mills possessed and received over 1,400 videos and 500 images of child pornography through peer-

> to-peer programs using the internet. These images included depictions of prepubescent minors engaging in sexually explicit conduct, including sadistic and masochistic conduct.
>
> On December 20, 2010, Mills was interviewed by investigators. During the interview, Mills admitted to using peer-to-peer file sharing software to locate, download and receive child pornography over the internet.

Doc. #18 (SEALED), p. 7. On February 27, 2012, Mills entered a plea of guilty before the Court. Doc. #17. On May 29, the Court sentenced Mills to 78 months' imprisonment, to be followed by 25 years supervised release. Doc. #25. On May 31, 2012, the Court entered judgment against Mills. Doc. #27.

On May 29, 2013, Mills, acting through retained counsel, timely filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 before the Court. Doc. #32. In his Motion, Mills asserted three grounds for relief: (1) ineffective assistance of counsel for failure to move to suppress Mills' confession at Los Angeles International Airport ("LAX"); (2) ineffective assistance of counsel for failure to request a sentencing variance; and (3) failure of the trial court to state the legal and factual grounds for ordering a 25-year term of supervised release. *See* Doc. #32, pp. 2-3. On April 9, 2014, the Court issued an Order denying Mills' Motion on all grounds.

**II.     Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Id.*

**III.    Discussion**

The Court has reviewed the documents and pleadings on file in this matter and determines that reasonable jurists would not find the Court's assessment of Mills' constitutional claims debatable or wrong. As to Mills' first claim for ineffective assistance of counsel for failure to move to suppress Mills' confession at LAX, the Court determined (1) that Mills' former counsel's performance was not deficient and (2) that Mills was not prejudiced as a result of his former counsel's allegedly deficient performance. *See* Doc. #43, pp. 3-7. It is undisputed that more than 500 images and 1,400 videos of child pornography were recovered in a forensic review of materials seized from Mills' residence and computer equipment 13 days before his confession. *Id.* at 4-5. In light of this evidence, the Court found that former counsel's decision to forego a motion to suppress in order to obtain favorable concessions during plea negotiations was not outside the realm of objectively reasonable representation. *Id.* at 3-6. Moreover, even if former counsel had pursued a motion to suppress and it had been successful, the Court found that it was grossly improbable that the result of the proceeding would have changed in Mills' favor. *Id.* at 6-7. For these reasons, the Court's assessment is not debatable or wrong.

As to Mills' second claim for ineffective assistance of counsel for failure to request a sentencing variance, the Court determined that it was entirely without merit. First, the alleged oral contract between Mills and the federal agents was not part of the plea agreement and, thus, did not share the same binding character. *Id.* at 7. Second, Mills' former counsel did negotiate for a significant downward variance in sentencing. *Id.* at 7-8. Accordingly, the Court's assessment in this regard is not debatable or wrong.

Finally, the Court determined that Mills claim for failure of the trial court to state the legal and factual grounds for ordering a 25-year term of supervised release was (1) barred for failure to challenge the alleged sentencing error in an earlier proceeding and (2) factually without merit. *Id.*

at 8-9. Because the sentencing transcript confirms that the Court specifically considered the requisite sentencing factors in imposing a term of 78 months imprisonment and 25 years supervised release, the Court's assessment in this regard is not debatable or wrong.

IT IS THEREFORE ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED this 9th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE